UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL LOZANO-WHITTEN, <br> *Plaintiff*, <br><br> v. <br><br> SWANSON WALKER *et al.*, <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-12-3546 |

### ORDER AND FINAL JUDGMENT

Pending before the court are the plaintiff's request for entry of default, and second motion for final default judgment against defendants Swanson Walker, *et al.* Dkts. 4, 7. After reviewing the request and motion, related filings, and applicable law, the request and motion are GRANTED insofar as they apply to Swanson Walker and DENIED with respect to the unidentified John and Jane Doe defendants that comprise the "*et al.*" part of the defendants.

### BACKGROUND

Plaintiff Cheryl Lozano-Whitten incurred a financial obligation that was primarily for personal, family, or household purposes—a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The debt was, at some point, transferred to defendant Swanson Walker to collect. Plaintiff alleges that defendants contacted her and made misleading statements to the effect that they would serve her with legal paperwork with 24-48 hours at her place of employment. They never identified themselves as debt collectors and never informed her that they were attempting to collect a debt and any information obtained would be used for that purpose.

Plaintiff filed suit on December 6, 2012 alleging violations of the FDCPA. Dkt. 1. Personal service was effected on Swanson Walker on December 21, 2012. Dkt. 3. As of this date, defendant has not appeared in this case or answered. Plaintiff has never identified or served the unidentified

individual defendants denominated John and Jane Does.  Plaintiff now moves for entry of default and default judgment.  Dkts. 4, 7.

## ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.

Plaintiff properly served process on Swanson Walker by personal service on December 21. 2013.  Dkt. 3.  The summons was addressed to Swanson Walker and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a).  *Id.*  Defendant has not answered or otherwise made an appearance.  Swanson Walker is not believed to be a minor, incompetent, or on active duty in the military service of the United States of America.  Plaintiff properly served their request for entry of default and second motion for final default judgment pursuant to Local Rule 5.5 by mailing copies to Swanson Walker via U.S. Mail and U.S. Certified Mail, return receipt requested, on March 7, 2013.  Dkt. 7. Accordingly, Swanson Walker was properly served in this case both with process and plaintiff's motion for default judgment.  Given Swanson Walker's failure to answer the complaint within twenty-one (21) days, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action.

In this case, plaintiff seeks statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).  Additionally, plaintiff seeks her attorney's fees and costs in the total amount of $2,423.75 pursuant to § 1692k(a)(3).

## CONCLUSION

Plaintiff's requests for entry of default (Dkt. 4) and second motion for default judgment (Dkt. 7) are hereby GRANTED as to defendant Swanson Walker and DENIED as to the unidentified John and Jane Doe defendants.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That unidentified John and Jane Doe defendants are hereby DISMISSED WITHOUT PREJUDICE.

2. That judgment by default be entered in favor of Cheryl Lozano-Whitten against Swanson Walker;

2. That Lozano-Whitten recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) from Swanson Walker in the amount of $1,000.00;

3. That Lozano-Whitten recover attorney's fees and costs of court from Swanson Walker in the amount of $2,423.75;

4. That interest shall accrue on this award from the date of the entry of this order at a rate of 0.14% per annum.

All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on April 5, 2013.

_____
Gray H. Miller
United States District Judge